UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:23-cr-00129-MTK |
| v. | **OPINION AND ORDER** |
| BRANDON CODY GALE, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

This matter comes before the Court on Defendant Brandon Cody Gale's Motion for Compassionate Release, ECF No. 49. For the following reasons, Defendant's Motion is denied.

## BACKGROUND

On September 3, 2024, Defendant pleaded guilty to Sexual Exploitation and Attempted Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a) and (e). ECF Nos. 29-32. The minimum term of imprisonment for that crime is 15 years and the maximum term is 30 years. 18 U.S.C. § 2251(e). Based upon the offense level and Defendant's criminal history, the advisory guideline range is 360 months to life. ECF No. 39 ¶ 77. On January 16, 2025, the Court sentenced Defendant to a term of 200 months of imprisonment followed by supervised release for life. ECF Nos. 44, 45. On July 23, 2025, Defendant filed this Motion for Compassionate Release seeking a reduction of his sentence. ECF No. 49.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress has, however, provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Section 3582(c)(1)(A) provides in pertinent part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i)    Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons to reduce the sentence. The categories of extraordinary and compelling reasons to be considered individually and in the aggregate include the defendant's medical conditions, age, family circumstances, and status as a victim of abuse. U.S.S.G. § 1B1.13(b)(1)-(4). The policy statement also contains a catchall provision for other circumstances that, alone or when combined with circumstances from the specified categories, are "similar in gravity." *Id.* § 1B1.13(b)(5).

A defendant seeking a reduction of his sentence bears the burden to establish that he has exhausted administrative remedies and that extraordinary and compelling reasons warrant a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 46 F.4th 938,

951 (9th Cir. 2022) (It is the defendant's "burden to establish his eligibility for compassionate release.").

## DISCUSSION

### I.  Exhaustion

The parties agree that Defendant exhausted his administrative remedies by requesting release from the warden of FCI Lompoc in July 2025. Gov't Resp. 4.

### II. Extraordinary and Compelling Reasons

Defendant seeks a reduction of his sentence based on the compassionate release statute on the grounds that (A) he has an unusually long sentence due to recent changes to the sentencing guidelines; and (B) he has engaged in rehabilitation efforts. The government argues that neither of these amount to extraordinary and compelling reasons warranting a reduction of Defendant's sentence.

#### A.  Unusually Long Sentence

Defendant argues that changes to the United States Sentencing Guidelines have created a sentencing disparity between the sentence he received and the sentence he would receive today under the amendment. Under the sentencing guidelines,

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Non-retroactive changes in the law may also be considered "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction." U.S.S.G. § 1B1.13(c).

Page 3 — OPINION AND ORDER

Changes to the sentencing guidelines do not amount to an extraordinary and compelling reason warranting a reduction of Defendant's sentence here for three reasons. First, Defendant has not served at least 10 years of his sentence as required for U.S.S.G. § 1B1.13(b)(6) to apply. Second, for the reasons explained in the following section of this opinion, Defendant has not "otherwise" established any extraordinary and compelling reasons as required for the Court to consider a non-retroactive change in the sentencing guidelines. Finally, Defendant has not demonstrated that the change he cites would produce a disparity in his sentence. The change in law Defendant refers to simply removes a provision of the sentencing guidelines—in effect at the time of Defendant's sentencing—that provided that "[a]ge may be relevant in determining whether a departure is warranted." U.S.S.G. § 5H1.1 (November 1, 2024). Defendant has not articulated, nor can this Court discern on its own, a reason why the removal of this provision creates a disparity in his sentence. Defendant also generally cites changes to the way criminal history is considered, but he cites no provision that would create a disparity in his sentence. As noted above, the sentence Defendant received here is well below his advisory guideline range.

B.  **Rehabilitation**

Defendant also claims rehabilitation as an extraordinary and compelling reason warranting a reduction of his sentence. "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," but "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances." U.S.S.G. § 1B1.13(d). As explained above, Defendant has provided no other extraordinary and compelling reasons which would allow this Court to consider his rehabilitation for the purpose of compassionate release. Moreover, Defendant's motion provides no explanation or evidence of his rehabilitation efforts.

Page 4 — OPINION AND ORDER

### III. Sentencing Factors

The government asserts that even if Defendant satisfied the criteria of U.S.S.G. § 1B1.13(b)(2), the § 3553(a) factors counsel against any reduction in Defendant's sentence.

Before modifying an imposed term of imprisonment, a Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). A district court's "overarching statutory charge . . . is to impose a sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; and to protect the public." *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021) (internal quotation and citation omitted).

Here, the Court weighed these factors just under one year ago at the time of sentencing, and Defendant has provided no arguments or evidence which would lead to a different conclusion now. The nature and circumstances of Defendant's underlying offense are significant and the sentence imposed reflects the seriousness of the offense, affords adequate deterrence, and protects the public from further crimes by Defendant. The Court, therefore, concludes that Defendant has not carried his burden to show that a reduction of his sentence would be consistent with the federal sentencing factors. Accordingly, the Court denies Defendant's Motion for Compassionate Release.

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Compassionate Release (ECF No. 49) is DENIED.

DATED this 17th day of December 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge
